UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUARDO SANCHEZ-MUNOZ | CIVIL ACTION |
| v. | NO. 17-9034 |
| MOTIVA ENTERPRISES LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendants' motion for summary judgment, noticed for submission on January 10, 2018, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Eduardo Sanchez-Munoz sued Motiva Enterprises LLC and Shell Oil Company in state court, seeking to recover for personal injuries he allegedly suffered while working for Brand Energy Solutions, LLC on August 11, 2016. On that day, Sanchez-Munoz was working as a contractor building scaffolding at the Motiva/Shell Refinery in Convent, Louisiana, when an explosion and fire occurred. Although most of the employees on site during the fire sheltered in place, Sanchez-Munoz alleges he attempted to evacuate by walking through rising floodwaters and climbing over a locked gate, which collapsed, causing Sanchez-Munoz to fall and injure his left wrist, arm, and shoulder. Motiva and Shell removed the lawsuit to this Court and now, invoking the statutory employer doctrine codified at La.R.S. 23:1061(A)(1)-(3), seek judgment as a matter of law that they are immune from tort liability.

that the defendants' motion for summary judgment is hereby GRANTED as unopposed. Because Motiva Enterprises LLC and Shell Oil Company are entitled to judgment as a matter of law based on undisputed facts of record indicating that they were the plaintiff's statutory

---

Under Louisiana law, the existence of a statutory employer relationship is presumed to exist where this is a written contract between a principal and contractor. See La.R.S. 23:1061(A)(3). Once this presumption arises, the burden of rebuttal shifts to the worker to show that the work performed "is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id. The defendants submit that the record demonstrates that this presumption has arisen, and has not been rebutted, such that Sanchez-Munoz's exclusive remedy is workers' compensation benefits, necessitating dismissal of his lawsuit against principals Motiva/Shell, his statutory employers. The Court agrees.

The relevant contract dated December 14, 2015 expressly designates Shell/Motiva (and their affiliated companies) as the statutory employer of Brand Energy's employees, which shifts the burden to Sanchez-Munoz to rebut the presumption by showing that the work performed by Sanchez-Munoz (Brand) was not an integral part of, or essential to, the ability of Motiva or Shell to generate its goods, products, and services. Because Sanchez-Munoz submits no evidence on this point whatsoever, he fails to carry his burden. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)(summary judgment is proper if the party opposing the motion fails to establish an essential element of his case.). Moreover, not only do the defendants point to evidence in the summary judgment record indicating that turnaround work like that performed by Brand pursuant to its contract with Shell/Motiva is essential to the ability of Shell to produce its goods, products, or services, but the defendants submit case literature in support of its submission that the defendants are statutory employers immune from tort liability under the circumstances. See, e.g., McCLain v. Motiva Enters., L.L.C., No. 09-5806, 2010 WL 3614310 (E.D. La. Sept. 8, 2010)(Engelhardt, C.J.); Joseph v. Shell Chem. Co., No. 07-5489, 2009 WL 1789422 (E.D. La. June 23, 2009)(Barbier, J.).

2

employer, and therefore immune from Louisiana tort liability, the plaintiff's claims against Motiva and Shell are hereby dismissed. The plaintiff's exclusive remedy is pursuant to the workers' compensation law, La.R.S. 23:1031, et seq.

New Orleans, Louisiana, January 5, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE